(Hamilton County Court of Common Pleas.)

## MARY A. WARD v. FRANCIS M. WARD et al.

*Where application for a stay of proceedings is made pending the decision of a higher court, the only matters for the court of common pleas to pass upon are the amount of the undertaking and the sufficiency of the sureties.—Sections 6718 and 6719 construed.*

SAYLER, J.

This cause is pending in the Supreme Court on error to the decree of the circuit court ordering partition of lands. Under the decree the cause was remanded by the circuit court to the common pleas court for further proceedings.

The plaintiff in error moves for stay of proceedings, and asks the court of common pleas to fix the amount of the undertaking.

Under subdivision 3 of section 6718 of the Revised Statutes, the court of common pleas, or a judge thereof, may fix the amount of the undertaking for stay of proceedings in the common pleas while the case is pending on error in the Supreme Court. Gurney v. Gurney, 38 Ohio St. 658.

It is claimed, however, that it is within the discretion of the court to allow, or refuse to allow, the giving of a bond under said section, and that the court will not allow the same unless for good cause shown.

In the case of Gardner v. Cline, 2 West., L. M., 329, Judge Nash, in construing Section 522 of the code (Section 6,722 of Rev. Stats., in substance), and which provides that "if the defendant in error give adequate security to make restitution in case the judgment is reversed or modified, he may, upon leave obtained from the court below, or a judge thereof in vacation, proceed to enforce the judgment," says (Ib. 330):

"Does the court or judge, in granting this order, exercise a discretion or not? The language in this section is not like that contained in section 521 (Section 6719, Rev. Stat). In that section it is provided that the undertaking mentioned in section 519 (section 6718, Rev. Stat.) shall not operate to stay execution before the execution of the undertaking and the sufficiency of the sureties have been approved by the court or the clerk thereof. Here it is clear that the only question to be passed upon is the sufficiency of the undertaking. Whenever the court or clerk decides this sufficient, the stay of execution follows of course."

The court, in 34 Ohio St. 291, say that the power to stay execution of the judgment or order as provided by section 22 of the act of May 14, 1878, (75 O. L., 808), is discretionary, to be exercised only on good cause shown by the party moving for the stay, and cites 6 Ohio St. 176, Pius v. Nicholson. But section 22 provides that an execution, etc., "may be stayed on such terms as may be prescribed by the court," etc., and the case of Pius v. Nicholson was decided under the act of March 18, 1851, (3 Curwen, 1597), which provides that the judge of the court "is authorized, in vacation, and upon good cause, to stay proceedings," etc. The case of Valley Bank v. West, 2 Handy, 61, involves a construction of section 522 of the Code, and does not seem to help us in determining this matter, and in the case of Bear v. Bookmiller, 3 C. C., 484, the court only holds that the bond must be under subdivision 3, and not 1, of section 6718.

It seems to me the only matters for the court to pass on under sections 6718 and 6719 are the amount of the undertaking and sufficiency of the sureties, and that the stay of proceedings follows of course.

I think the bond should be in the sum of $2,000.

Wm. Hicks, for plaintiff.

Oliver B. Jones, for defendant.